UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ORELIEN N. KENFACK,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:25-cv-05454-DGE

ORDER ON STIPULATED
APPLICATION FOR ATTORNEY
FEES

This matter comes before the Court on the Parties' stipulated application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 18.) The Parties agree that fees in the amount of $7,272,27 shall be awarded. (*Id.* at 1.)

Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). The

ORDER ON STIPULATED APPLICATION FOR ATTORNEY FEES - 1

Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1992). Attorney fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). If a party obtains reversal and remand in a social security benefits case, they are the "prevailing party" under the EAJA. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). Here, the Parties stipulate that Plaintiff is the prevailing party, because the Court remanded the case for further administrative proceedings on December 2, 2025. (Dkt. Nos. 16; 18 at 2.) Further, the Parties stipulate that the government's position was not substantially justified. (Dkt. No. 18 at 3.) Therefore, the Court finds fees should be awarded.

Plaintiff is entitled to "reasonable" fees. 28 U.S.C. § 2412(d)(2)(A). Determining reasonableness "will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136, 1137 (9th Cir. 2012). The fee applicant bears the burden of proving reasonableness. 28 U.S.C. § 2412(d)(2)(A); *Hensley*, 461 U.S. at 437 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.").

Here, the Parties stipulate that Plaintiff's fee request is reasonable. (Dkt. No. 18 at 4.) He applies for an award of $7,272.27, which represents compensation for the time his lawyers and paralegals spent on this matter, totaling 27.75 hours of attorney work and 1.0 hours of paralegal work. (*Id.* at 5; Dkt. No. 18-1 at 2); *see also Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) (paralegal time is compensable under the EAJA). The Court finds that the

ORDER ON STIPULATED APPLICATION FOR ATTORNEY FEES - 2

requested number of hours is reasonable, and that Plaintiff is entitled to the statutory hourly rate pursuant to the EAJA.

Therefore, the stipulated application is GRANTED. It is hereby ORDERED that fees in the amount of $7,272.27 shall be awarded to Plaintiff pursuant to the EAJA. Plaintiff assigned his EAJA fee award to his attorney in the fee agreement. (Dkt. No. 18 at 6.) Accordingly, attorney and paralegal fees in the amount of $7,272.27 will be paid to Plaintiff's attorney, subject to verification that Plaintiff does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).

If Plaintiff has no such debt, then the check shall be made out to Plaintiff's attorney: H. Peter Evans at Evans & Evans, PC, 222 NE Park Plaza Drive, Suite 113, Vancouver, WA 98684. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made out to Plaintiff and mailed to Plaintiff's attorney's office.

Dated this 2nd day of March 2026.

David G. Estudillo
United States District Judge

ORDER ON STIPULATED APPLICATION FOR ATTORNEY FEES - 3